WASHINGTON TOBIAS, Appellant, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, Respondent, Impleaded with others.

*Assignment of a mortgage, not invalidated by reason of the assignor's not having been in possession for one year prior thereto — 2 R. S., 691, § 6 — not applicable to a mortgage assignment.*

March 1, 1871, one Lesser Goldstein, the owner of certain premises in the city of New York, executed a mortgage thereon for $2,000, which, after various assignments, was on February 12, 1876, duly transferred to the plaintiff. September 10, 1870, proceedings had been commenced by the city to open Lexington avenue, within the limits of which the lot in question was situated, and on the 10th day of February, 1874, the reports of the commissioners therein were confirmed.

In an action to foreclose the mortgage, *held*, that the assignment to plaintiff was valid, and that the fact that his assignor and those under whom he claimed had not been in possession of the premises for one year prior to the date thereof, did not render it invalid under 2 R. S., 691, section 6.

Appeal from a judgment of the Special Term, entered on the 28th day of September, 1877, dismissing the plaintiff's complaint, with costs.

The action was brought to foreclose a mortgage.

The court below found the following among other facts:

I. That on or about the 1st day of March, 1871, the defendant, Lesser Goldstein, made, executed and delivered to the defendant, Henry Goldstein, the bond and mortgage in the complaint described, which mortgage bore date the said 1st day of March, 1871, and was recorded in the office of the register of the city and county of New York on the 31st day of May, 1871.

II. That the said bond and mortgage was sold and assigned by the said defendant, Henry Goldstein, to the defendant, Elias Kahn, on or about the 24th day of July, 1873, and by the said Elias Kahn to the defendant, Maria Goldstein, on or about the 18th day of May, 1875, and by the said defendant, Maria Goldstein, to the plaintiff in this action, on or about the 12th day of February, 1876.

III. That the entire consideration paid by said plaintiff to the said defendant, Maria Goldstein, for said bond and mortgage, was $500, and no more.

IV. That neither the principal sum nor the interest thereon had ever been paid.

V. That on or about the 10th day of February, 1874, an order was made by this court in a proceeding then pending therein, entitled, "in the matter of the application of the mayor, aldermen and commonalty of the city of New York, relative to the opening and extending of Lexington avenue from One Hundred and Second street to Harlem river," in and by which order the report of the commissioners of estimate and assessment, appointed by the court in said proceeding, was in all things confirmed; and in and by their said report the commissioners reported, among other things, that all the lands and premises mentioned and described in the complaint herein, and in the said mortgage, would be required to be taken for the purpose of opening and extending Lexington avenue from One Hundred and Second street to Harlem river, and that the above-named defendant, Salmon S. Stevens, was the owner, and seized in fee of, in and to the said lands and premises, and that they had estimated the loss

and damage of the said Stevens, as owner of said lands and premises, at $4,500, by and in consequence of such opening and such taking, and of said owner relinquishing said lands and premises for the purposes aforesaid ; and the said commissioners further fixed the 16th day of February, 1874, as the particular time for the actual and practical opening and extending of the said avenue.

VI. That the plaintiff's assignor, Maria Goldstein, was not on the 12th day of February, 1876, in the possession of the said lands in the said mortgage and complaint mentioned, and she and those by whom she claimed had not, nor had any of them, been in possession of the said lands, or any part thereof, or of the reversion or remainder thereof, or taken the rents or profits thereof for the space of one year before the said 12th day of February, 1876, or for any part of such year.

VII. That the defendants, the mayor aldermen and commonalty of the city of New York, became duly and actually seized and possessed of the lands mentioned in the said mortgage and the said complaint, for the purposes of a public street, on the 16th day of February, 1874, under and in pursuance of the above-mentioned final order or decree of this court, confirming the report of the commissioners of estimate and assessment in the matter of opening and extending Lexington avenue from One Hundred and Second street to Harlem river, in the city of New York ; and the said defendants, the mayor, aldermen and commonalty of the city of New York, have ever since the said 16th day of February, 1874, been seized and possessed of the lands aforesaid as owners thereof, in fee simple, under and by virtue of the said final order, judgment or decree, and of the statute in such case made and provided.

The court further found as conclusions of law :

I. That the sale, or pretended sale and assignment of the mortgage in the complaint herein mentioned by the defendant, Maria Goldstein, to the plaintiff in this action, on the 12th day of February, 1876, was void.

II. That the plaintiff has no right to maintain this action against the defendants, the mayor, aldermen and commonalty of the city of New York, and that as to them his complaint must be dismissed, with costs.

First Department, May Term, 1879.

*John C. Shaw*, for the appellant.

*T. B. Clarkson*, for the respondent.

Ingalls, P. J. :

The action was brought to foreclose a certain mortgage on premises in One Hundred and Eighth street, in the city of New York, between the Third and Fourth avenues, which was executed on the 1st day of March, 1871, by Lesser Golstein to Henry Golstein, to secure the payment of $2,000, on or before the 1st day of October, 1872. This mortgage, by various *mesne* assignments, came into the hands of the plaintiff on the 12th day of February, 1876, for value.

The defendants, the mayor, etc., were made parties to the action, as claiming some interest in the land in question, under proceedings which had been taken to open Lexington avenue from One Hundred and Second street to the Harlem river, which was commenced September 10, 1870, and resulted in an order of confirmation, which was made by the Supreme Court on the 10th day of February, 1874. By these proceedings the lands covered by the mortgage were sought to be condemned for public use, being included within the limits of the proposed avenue.

The complaint is in the usual form, and contains the necessary allegation of a demand upon the comptroller, without which a suit cannot be brought.

The answer admits the making of this demand, and sets up the proceedings under the street opening act, and claims to be seized of the lands in question by force of these statutes, free, clear, and discharged of the lien of the mortgage.

Upon the trial, the defendants were permitted to amend their answer by setting up as a further defence that, for a year prior to the assignment of the mortgage to the plaintiff, the defendants were seized and possessed of the premises in question, and that the plaintiff's assignors had not been in possession of the premises for such year. The plaintiff put in evidence the bond and mortgage and assignment, and proved the amount due.

The court rendered a decision in favor of the defendant, dismissing the complaint with costs, and filed an opinion in which it

put the decision solely upon the ground that the assignment of the mortgage, after the order of confirmation, was prohibited by the Revised Statutes. Findings of fact and conclusions of law were made and filed, and duly excepted to.

The court at Special Term deciding this cause upon one ground only, namely, that the assignment of a mortgage to the plaintiff having been made subsequent to the entry of the order confirming the report of the commissioners laying out Lexington avenue, was prohibited by the Revised Statutes (vol 2, p. 713, § 6 [Edm. ed.]), and therefore void. Our attention has been directed to the following provisions of the Revised Statutes, as bearing upon this question. The following is section six, above referred to.

" Section 6. No person shall buy or sell or in any manner procure or make, or take, any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant shall have been in possession, or he and those by whom he claims shall have been in possession of the same, or of the reversion or remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant made ;" * * *.

The following is section seven of the same statute :

" Section 7. The two last preceding sections shall not apply to any mortgage executed by a person not in possession of lands, allowed by the provisions of the first chapter of the second part of the Revised Statutes, nor to any conveyance of lands and tenements to any person in the lawful possession thereof."

The following are two sections of volume 1, page 690, of the Revised Statutes. (Edm. ed.)

" (147.) Every grant of lands shall be absolutely void, if at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor."

" (148.) But every person having a just title to lands, of which there shall be an adverse possession, may execute a mortgage on such lands." * * *

We are convinced that these statutes have no application to the mortgage in question or the assignment thereof — they were

intended to prevent the conveyance by deed of land, by a person claiming to be the owner, when another party is in possession claiming adversely to such pretended owner. In this case the mortgagor was the owner of the premises, and in the possession thereof, when the mortgage was executed on the 1st of March, 1871. The order confirming the report of the commissioners opening Lexington avenue was not entered until February 10, 1874. The mortgage was assigned to the plaintiff February 12, 1876, and we are unable to perceive why the mortgage could not be assigned so as to transfer a valid title thereto — it was a valid security, and no part of the principal sum had been paid. It is of frequent occurrence that a mortgage is executed by a party who is the owner and in the possession of land, and who subsequently conveys the mortgaged premises, without any reference in the deed to the mortgage, which is assigned by the mortgagee after such conveyance, and while such grantee is in the actual possession of the land holding the same adversely to the whole world. Yet we have never known the validity of such an assignment questioned, on the ground that it was contrary to the provisions of the statute before referred to. If the defendant's theory is sound, the practicable effort must be to invalidate all the assignments of mortgages which are executed after the mortgagor has conveyed the premises. Such a result could not have been intended by the Legislature in enacting such statutes, which is apparent from the fact that in such statutes the right to mortgage land held adversely is expressly declared, and the assignment of such mortgage is not in terms prohibited. We cannot doubt but that the plaintiff acquired a valid title to the bond and mortgage by the assignment to him, and that the same is in no manner obnoxious to the provisions of such statute.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

Potter, J., concurred.

Present — Ingalls, P. J., and Potter, J.

Judgment reversed, new trial ordered, costs to abide event.